**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SYLVESTER JOHNLOUIS,

    Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

    Respondents-Appellees.

No. 02-2272
(District of New Mexico)
(D.C. No. CIV-01-905-MV/DJS)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter is before the court on Sylvester Johnlouis' *pro se* request for a certificate of appealability ("COA"). Johnlouis seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order denying a § 2254 habeas petition unless the petitioner first obtains a COA). Because Johnlouis has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

Johnlouis was convicted in New Mexico state court of first degree murder, conspiracy to commit murder, robbery, and tampering with evidence; he was sentenced to a term of imprisonment of forty-five years. After exhausting his state court remedies, Johnlouis filed the instant § 2254 habeas petition in federal district court asserting that his trial counsel had been ineffective in several particulars. The district court referred the matter to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a thorough report and recommendation, the magistrate judge noted that each aspect of Johnlouis' ineffective assistance claim had been addressed on the merits by the state courts. Accordingly, the magistrate judge concluded that the appropriate question was whether the state courts' analysis of Johnlouis' ineffective assistance claims was "contrary to" or an "unreasonable application of" clearly established Supreme

Court precedent or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). With that analytical framework in mind, the magistrate judge noted that in resolving Johnlouis' claims of ineffective assistance of counsel, the state courts had applied the correct governing Supreme Court precedent, *Strickland v. Washington*, 466 U.S. 668 (1984). The magistrate judge further noted that in his habeas petition Johnlouis had merely repeated the claims he made in state court and had failed to rebut the factual findings undergirding the state courts' decisions by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Because the relevant state court decisions were neither "contrary to" nor an "unreasonable application of" *Strickland*, the magistrate judge recommended that Johnlouis' petition be denied. Upon *de novo* review, the district court adopted the magistrate judge's report and recommendation and denied the petition.

To be entitled to a COA, Johnlouis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, No. 01-7662, 2003 WL 431659, at *10

(U.S. Feb. 25, 2003) (quotations omitted). In deciding whether Johnlouis has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at *11. Although Johnlouis need not demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* at *10, *11.

Having undertaken a review of Johnlouis application for a COA and appellate brief, the magistrate judge's report and recommendation, the district court order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Johnlouis is not entitled to a COA. The district court's resolution of Johnlouis' claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, this court **DENIES** his request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-